LIZHU CHEN, Petitioner,

v.

BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.

No. 06–5418–ag.

United States Court of Appeals,
Second Circuit.

July 10, 2007.

Theodore N. Cox, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; James E. Grimes, Senior Litigation Counsel; William C. Minick, Attorney, Office of Immigration Litigation, Washington, DC, for Respondents.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Lizhu Chen, a citizen of the People's Republic of China, seeks review of a November 1, 2006 order of the BIA affirming the June 22, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lizhu Chen*, No. A 98 593 084 (B.I.A. Nov. 1, 2006), *aff'g* No. A 98 593 084 (Immig. Ct. N.Y. City, June 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we reject the Government's argument that Chen failed to exhaust her administrative remedies before the BIA with regard to the denial of her CAT claim, her claim based on "other resistance" to a coercive population control program, and the IJ's relocation finding. To the contrary, Chen's *pro se* brief to the BIA reflects that she sufficiently exhausted these issues. *Cf. Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007).

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard.

Here, The BIA and IJ reasonably found that Chen failed to establish eligibility for asylum based solely on the forced sterilization of her parents. *See Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 305 (2d Cir.2005) (holding that children of individuals directly victimized by coercive family planning policies are precluded "from establishing that they are *per se* as eligible for relief as those directly victimized, themselves").

Additionally, the IJ considered Chen's eligibility for asylum under an "other resistance" theory, and reasonably found that her claim lacked a nexus to a protected ground. 8 U.S.C. § 1101(a)(42). The record reflects that Chen's refusal to marry her creditor's son cannot be characterized as an "attempt[ ] to interfere with enforcement of government policy" because there was no evidence to suggest that the official's proposition was in any way connected to Chinese government policy. *See In re S–L–L–*, 24 I. & N. Dec. 1, 10 (BIA 2006). On the contrary, the IJ reasonably concluded that the proposal appeared to be the aberrational act of a corrupt official. *Cf. Yueqing Zhang v. Gonzales*, 426 F.3d 540, 548 (2d Cir.2005). Chen also failed to demonstrate that any future harm that she fears, i.e., forced marriage, would be on account of a protected ground. Ultimately, the IJ properly found that Chen was not eligible for asylum under 8 U.S.C. § 1101(a)(42) and her decision will not be disturbed.

[3] Further, substantial evidence supports the agency's determination that Chen failed to demonstrate a well-founded fear of persecution based on the birth of her United States citizen child. The existence of Chen's child is not in dispute.

However, while this Court has recently expressed concerns regarding the possibility of an official policy of forced sterilization of individuals with two or more children in Fujian Province, such concerns have no bearing on Chen's fear of persecution under China's birth control policy when she has only one child. *See Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006); *see In re J–W–S–,* 24 I. & N. Dec. 185, 194 (BIA 2007).

Moreover, Chen does not allege that she is pregnant with a second child, or is even attempting to conceive. Her fear of forcible sterilization is conditioned on her desire to have children at some point in the indefinite future. This fear is too speculative, and thus objectively insufficient, to establish a well-founded fear of future persecution. *See, e.g., Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006) (finding that a well-founded fear of persecution could not be based on a petitioner's speculation that he would be subject to persecution due to the fact that he had one child by his current wife and another child residing in China from a different relationship). Because Chen was unable to show the objective likelihood of persecution or torture needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on her claims for withholding of removal and relief under the CAT, which rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Thus, we need not reach the IJ's relocation finding.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, The pending motion for a stay of removal in this petition is DISMISSED as moot.